THE STATE OF OHIO, APPELLEE, *v.* SINGER, APPELLANT.

(No. 76-788—Decided May 18, 1977.)

104

*Mr. Richard E. Bridwell,* prosecuting attorney, *Mr. Joseph A. Gormley* and *Mr. Warren B. Richardson,* for appellee.

*Messrs. Schwartz, Fisher, Spater, McNamara & Marshall* and *Mr. Leonard J. Schwartz,* for appellant.

PAUL W. BROWN, J. The issue here is whether appellant is entitled to a discharge pursuant to R. C. 2945.73(B).

R. C. 2945.71(C)(2) and (D) provide that a person charged with a felony and held in jail on the pending charge in lieu of bail shall be brought to trial within 90 days after his arrest, unless such time limitation is extended by R. C. 2945.72. R. C. 2945.73(B) provides that upon motion at or prior to trial, an accused shall be discharged if not brought to trial within the required time period.[1]

Appellant was arrested and jailed on December 20, 1974, and was originally scheduled for trial on April 1, 1975, 102 days after his arrest. Appellant concedes that no time periods subsequent to April 1, 1975, are relevant since they constitute extensions pursuant to R. C. 2945.72.

The Court of Appeals affirmed the denial of the motion for discharge stating, "where, within the required period pursuant to R. C. 2945.71, the case is set for trial for a date after the expiration of the required period, and the defendant is given ample notice thereof, he may not sit idly by and let the time within which he is to be brought to trial expire and then take advantage of the provisions of R. C. 2945.73(D) [*sic* 2945.73 (B)]."

This holding of the Court of Appeals is clearly in error. In a series of cases, we have imposed upon the prosecution and the trial courts the mandatory duty of complying with R. C. 2945.71 through 2945.73. See, *e. g., State* v. *Pudlock* (1975), 44 Ohio St. 2d 104; *State* v. *Cross* (1971),

---

[1] R. C. 2945.71(C)(2) and (D) provide that:

"(C) A person against whom a charge of felony is pending:

"* * *

"(2) Shall be brought to trial within two hundred seventy days after his arrest.

"(D) For purposes of computing time under divisions (A), (B), and (C) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."

R. C. 2945.73(B) provides that:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by Sections 2945.71 and 2945.72 of the Revised Code."

26 Ohio St. 2d 270; *State* v. *Gray* (1964), 1 Ohio St. 2d 21. We do so pursuant to our conclusion that the General Assembly's definition of the trial court's obligation to guarantee a speedy trial is a rational one which we will enforce. See *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 71. This action implements the constitutional right to a speedy trial.[2] *State* v. *Pudlock, supra,* at page 105.

Under R. C. 2945.71 through 2945.73, an accused's statutory right to a speedy trial is not affected by his failure to demand a trial. *State* v. *Cross, supra.* A defendant's not objecting to a trial date outside the 90-day limit before the expiration of the period is not substantively different from failing to demand a trial, and such failure or election not to object does not result in his acquiescence in the trial date.

The burden is thus imposed on the state to bring an accused to trial within the statutory period. The Court of Appeals erroneously required appellant to object to the trial date prior to the expiration of the 90-day period, presumably so that the state could rectify the error. Such re-

---

[2]A defendant's right to a speedy trial is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution, and is made obligatory on the states by the Fourteenth Amendment. *Klopfer* v. *North Carolina* (1967), 386 U. S. 213. Article I, Section 10 of the Ohio Constitution, also affords an accused the same speedy trial guarantees as the Sixth and Fourteenth Amendments. See *State* v. *Butler* (1969), 19 Ohio St. 2d 55.

The United States Supreme Court, in *Barker* v. *Wingo* (1972), 407 U. S. 514, declined to establish the exact number of days within which a trial must be held. While the court declared that its approach must be less precise, it also stated, at page 523, that "[t]he states, of course, are free to prescribe a reasonable period consistent with constitutional standards * * *."

These speedy trial statutes are the kind of state action which the Supreme Court contemplated in *Barker* v. *Wingo, supra. State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 70. Although the General Assembly therein has statutorily defined speedy trial, whether an accused has been denied his constitutional right to a speedy trial necessarily remains a judicial function—for such determination requires the interpretation of the Ohio and United States Constitutions.

quirement effectively, and erroneously, shifted the burden imposed by law on the prosecutor to the accused, and must not be allowed to stand.

Appellant complied with the directive of R. C. 2945.73 (B) which merely requires a defendant to file a motion for discharge *at or prior to the commencement of trial.* Appellant first made his motion on March 24, after the expiration of 90 days but certainly prior to trial. He renewed this motion on April 1, the scheduled trial date. Since a prior objection is not expressly required by the statute, we will not interpret that one is necessary to preserve the right to move for discharge.

We accept the legislative directive of R. C. 2945.71 through 2945.73, and will continue to do so, as long as these statutes effectively deal with factual situations in a manner consistent with constitutional standards. See *Barker* v. *Wingo* (1972), 407 U. S. 514.

As alternative propositions, appellee argues that the 90-day limit imposed by R. C. 2945.71 was extended in this case by at least three subdivisions of R. C. 2945.72.

In pertinent part, R. C. 2945.72 provided:

"The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

"* * * *

"(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in assigning counsel to an indigent accused upon his request as required by law:

"(D) Any period of delay occasioned by the neglect or improper act of the accused;

"* * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

Since R. C. 2945.72 extends the 90-day limit only by the period of any delay or continuance therein described,

it is necessary to determine the length of any such delay or continuance.

Appellant argues that no delay was caused by the fact that his counsel was not present at the arraignment. Appellant points out that all 11 individuals, including himself, who were indicted on January 6, 1975, were brought to pretrial on January 27, 1975.

Appellant's point is well taken. Since the pretrial, which is the next step after arraignment, was held on schedule, no actual delay was caused by appellant's absence of counsel. Further, the record discloses that, with or without a formal plea, appellant was effectively arraigned. An accused has the right to waive arraignment and, when appellant proceeded to trial without objecting to the lack of a formal arraignment, he verified his waiver. His proceeding without objecting is treated in all respects as if he had pleaded not guilty and formally waived arraignment. See *Goodin* v. *State* (1865), 16 Ohio St. 344.

Because no actual delay occurred, R. C. 2945.72 cannot extend the 90-day limit of R. C. 2945.71. Further, the 90-day limit may be extended only by those periods specifically enumerated in the statute.

We have stated that we will look to the language of the statute itself in attempting to ascertain the legislative intent. See *Stewart* v. *Trumbull County Bd. of Elections* (1973), 34 Ohio St. 2d 129, 130. In examining the actual language of a statute, words should be given their common, ordinary and accepted meaning unless the legislature has clearly expressed a contrary intention. *Youngstown Club* v. *Porterfield* (1970), 21 Ohio St. 2d 83, 86. A construction should be avoided which is contrary to the general spirit of the statute. *Irwin* v. *Bank of Bellefontaine* (1856), 6 Ohio St. 81, 87.

With these principles considered, Subdivision (C) of R. C. 2945.72 applies to those situations where the accused is without, and must procure, defense counsel. The record here demonstrates that appellant did not *lack* counsel but merely that his retained counsel was unaware of the ar-

raignment. These extensions are to be strictly construed, and not liberalized in favor of the state. See R. C. 2901.04 (A).

Before Subdivision (D) of R. C. 2945.72 may extend the requisite period, there must be a delay occasioned by the neglect or improper act of the accused. With respect to the arraignment, we see no neglectful or improper conduct on appellant's part. Upon receiving his indictment, appellant mailed a copy to his counsel. It was not, however, received in time to effectively notify counsel of the arraignment. Apparently, the clerk of courts did not notify appellant's counsel of the arraignment. The record discloses that appellant acted in good faith and without negligence.

Subdivision (H) cannot extend the 90-day limit in this instance, because no continuance was ever granted by the trial court. See *State* v. *Lee* (1976), 48 Ohio St. 2d 208.

Thus, R. C. 2945.72 did not extend the 90-day limit in this case.

Appellee argues further that Sup. R. 8(B)[3] defines the outer limit of a speedy trial as six months, and that therefore a speedy trial was not denied to appellant.

The authority of this court to superintend all courts of this state is set out in Section 5(A)(1), Article IV of the Ohio Constitution.[4] These Rules of Superintendence are

---

[3]Sup. R. 8(B) provides:

"All criminal cases shall be tried within six months of the date of arraignment on an indictment or information.

"Any failure, and the reason therefor, to comply with the time limits specified in this rule shall be reported immediately to the Chief Justice of the Supreme Court by the administrative judge of the division in which such failure occurs. In a single-judge division such failure shall be reported by the judge. The Chief Justice is authorized to take such action as may be necessary to cause any such delinquent case to be tried forthwith."

[4]Section 5(A)(1), Article IV of the Ohio Constitution, provides:

"In addition to all other powers vested by this article in the Supreme Court, the Supreme Court shall have general superintendence over all courts in the state. Such general superintending power shall be exercised by the Chief Justice in accordance with rules promulgated by the Supreme Court."

designed (1) to expedite the disposition of both criminal and civil cases in the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes; and (2) to serve that public interest which mandates the prompt disposition of all cases before the courts.[5]

Because we believe that R. C. 2945.71 through 2945.73 rationally attempt to statutorily define speedy trial, and thus we impose their directives on the state and trial courts (*State* v. *MacDonald, supra*), Sup. R. 8(B) is immaterial to the disposition of this case. The Rules of Superintendence are not designed to alter basic substantive rights of criminal defendants. If R. C. 2945.71 through 2945.73 did not constitutionally dispose of the speedy trial issue, then Sup. R. 8(B) would become material, but certainly subservient to, if inconsistent with, constitutional mandates.

As we find all of appellee's propositions without merit, the judgment of the Court of Appeals is reversed and, pursuant to R. C. 2945.73(B), appellant is hereby ordered discharged.

*Judgment reversed and appellant ordered discharged.*

O'Neill, C. J., W. Brown, Sweeney and Locher, JJ., concur.

Herbert, J., concurs in the syllabus.

Celebrezze, J., dissents.

---

[5] See Sup. R. 1(A).