The STATE of Ohio, Appellee,

v.

STEINKE, Appellant.

[Cite as *State v. Steinke*, 158 Ohio App.3d 241, 2004-Ohio-1201.]

Court of Appeals of Ohio,
Third District, Auglaize County.

No. 2–03–30.

Decided March 15, 2004.

242

Lawrence A. Huffman, for appellant.

Edwin Pierce, Prosecuting Attorney, for appellee.

Shaw, Presiding Judge.

{¶ 1} This is an appeal from the judgment of the Auglaize County Municipal Court, denying defendant-appellant Candy M. Steinke's motion to dismiss for want of speedy trial.

{¶ 2} On June 28, 2003, Steinke was arrested for operating a motor vehicle under the influence ("OMVI") while underage pursuant to R.C. 4511.19(B)(2), a misdemeanor of the fourth degree, and failing to stop at a posted sign pursuant to R.C. 4511.43. Steinke pleaded not guilty, and counsel for Steinke filed a jury demand. The trial court scheduled a pretrial hearing for July 29, 2003, and a jury trial for August 11, 2003. The pretrial was held as scheduled; however, the agreed pretrial entry ordered a second pretrial and vacated the August 11, 2003, jury trial date. After Steinke's counsel signed the pretrial entry, court personnel set the second pretrial date for September 2, 2003, and added the following statement: "Further pre-trial ordered set outside of speedy trial limits due to request of defendant." Steinke's counsel became aware of the court personnel's additions to the pretrial entry within the original 45-day speedy-trial limit but did not complain to the state or trial court regarding any proposed error.

{¶ 3} At the second pretrial, Steinke notified the state that she would file a motion to dismiss for want of speedy trial. Steinke requested a hearing on the motion; however, the trial court ruled without hearing that any delay would be charged to Steinke. Thereafter, Steinke filed a notice of her intent to change her plea and proffer evidence. At the plea hearing, Steinke renewed her motion to dismiss and made a motion to proffer evidence. Upon hearing the evidence, the

trial court denied the motion to dismiss, and Steinke entered a plea of no contest to the OMVI charge.

{¶ 4} Steinke now appeals, asserting a single assignment of error.

The trial court erred in overruling the motion to dismiss for want of speedy trial.

{¶ 5} It is well established that the Ohio speedy-trial statute is mandatory, constitutional, and must be construed strictly against the state. See, e.g., *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216. "Once a criminal defendant shows that he was not brought to trial within the permissible period, the accused presents a *prima facie* case for release." *State v. Caudill* (Dec. 2, 1998), Hancock App. No. 05–97–35, 1998 WL 833729 at *1; see, also, *State v. Howard* (1992), 79 Ohio App.3d 705, 707, 607 N.E.2d 1121. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled or extended under the statute. *State v. Butcher* (1986), 27 Ohio St.3d 28, 31, 27 OBR 445, 500 N.E.2d 1368. Furthermore, a defendant's rights to a speedy trial may be waived provided that such waiver is either expressed in writing or made in open court on the record. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus.

{¶ 6} Pursuant to R.C. 2945.71, Ohio's speedy-trial statute, a defendant who is charged with a fourth-degree misdemeanor must be brought to trial within 45 days after his arrest or the service of summons. Herein, the 45th day after Steinke's arrest was August 12, 2003. Appellant's case was not scheduled for a second pretrial until September 2, 2003, 65 days after the arrest. Thus, the state was obligated to show that it should not be charged for more than 45 of those days.

{¶ 7} The state does not allege that Steinke completed a waiver-of-speedy trial form. Rather, it asserts that Steinke tolled her speedy-trial time pursuant to R.C. 2945.72. R.C. 2945.72(H) provides that the speedy-trial time limit may be extended for the following relevant time: "The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." Specifically, the state argues that the speedy-trial time should be tolled since Steinke expressly agreed to set a second pretrial and to vacate the August 11, 2003 trial date, which would necessarily and obviously require the trial date to be set outside of the speedy-trial time limits. We agree.

{¶ 8} While a defendant's mere failure to object to a state-scheduled original trial date outside of the speedy-trial time limit does not constitute a continuance under R.C. 2945.72(H), "an agreement by all parties to a post-statutory trial date" will be treated as a continuance. *State v. McRae* (1978), 55

Ohio St.2d 149, 152–153, 9 O.O.3d 118, 378 N.E.2d 476, fn. 4, interpreting *State v. Davis* (1976), 46 Ohio St.2d 444, 75 O.O.2d 498, 349 N.E.2d 315, and *Singer*, supra, at 108, 4 O.O.3d 237, 362 N.E.2d 1216. While Steinke was not involved in setting the actual date for the second pretrial, Steinke's counsel admitted that he actively participated in scheduling a second pretrial and vacating the August 11, 2003 trial date, which would necessarily place the trial date outside the speedy-trial limit. This action is sufficient to demonstrate an agreement to a post-statutory trial date and, therefore, a continuance.

{¶ 9} We further find it significant that Steinke's counsel was notified prior to the expiration of the speedy-trial time that the trial court had, on its own, added language to the entry attributing Steinke with "requesting" the trial date to be rescheduled outside of the speedy-trial limit. Under these circumstances, we cannot agree with Steinke's assertions that she did not have an obligation to make any objections in this case.

{¶ 10} Based on the foregoing, we are unable to find that the trial court erred when it dismissed Steinke's motion to dismiss for want of a speedy trial. Consequently, Steinke's assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

CUPP and THOMAS F. BRYANT, JJ., concur.