OPINION
{¶ 1} Defendant-appellant, Anthony Goodman (hereinafter "Goodman") appeals the judgment of the Seneca County Court of Common Pleas denying his motion to dismiss on speedy trial grounds.
 {¶ 2} On September 23, 2004, Goodman was arrested for stabbing his wife with a box cutter. Goodman was subsequently indicted for felonious assault, a violation of R.C. 2903.11(A)(2) and a felony of the second degree.
 {¶ 3} On February 1, 2005, Goodman filed a motion to dismiss on speedy trial grounds. In his motion to dismiss, Goodman asserted that the triple count provision of R.C. 2945.71(E) applied and his right to a speedy trial was violated when he was not brought to trial within ninety days. The trial court held an initial hearing on the motion to dismiss on February 3, 2005, the morning of Goodman's first day of trial. Thereafter, the trial court continued the hearing on the motion to dismiss and proceeded to Goodman's trial. The following day Goodman moved for a mistrial, which the trial court subsequently granted.
 {¶ 4} On February 23, 2005, the trial court held a hearing on the motion to dismiss on speedy trial grounds. The trial court denied Goodman's motion. Subsequently, on March 10, 2005, Goodman changed his plea to no contest. The trial court then sentenced Goodman to three years imprisonment to be served consecutively to the sentence imposed by the Vigo County Court of Common Pleas in Indiana for a parole violation.
 {¶ 5} It is from this judgment denying the motion to dismiss on speedy trial grounds that Goodman appeals and sets forth two assignments of error for our review. For clarity of analysis, we have combined Goodman's two assignments of error.
 ASSIGNMENT OF ERROR NO. I The trial court erred in not crediting the defendant threedays for each day held in jail in lieu of bail for the purposesof computing speedy trial time as per Ohio Revised Code Section2945.71(E).
 ASSIGNMENT OF ERROR NO. II The finding by the trial court that the state had overcome itsburden to show that the defendant was not entitled to thebenefits of the triple-count provision of R.C. 2945.71(E) wasagainst the manifest weight of the evidence.
 {¶ 6} In his first assignment of error, Goodman argues that there is no credible evidence that he was being held on a valid parole holder. Goodman further argues that even if the parole holder was valid, there is no evidence that it was in effect before the speedy trial time period had elapsed. In his second assignment of error, Goodman argues the state failed to meet its burden that the parole holder was valid, and that the parole holder applied to him.
 {¶ 7} "[T]he Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state." State v. Steinke, 158 Ohio App. 3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, at ¶ 5, citing State v. Singer (1977),50 Ohio St. 2d 103, 4 O.O.3d 237, 362 N.E.2d 1216. Under the Ohio speedy trial statute, an accused who has been charged with a felony must ordinarily be brought to trial within two hundred and seventy days of his or her arrest. R.C. 2945.71(C)(2). However, in computing the amount of time that has elapsed for speedy trial purposes "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E).
 {¶ 8} Once the accused alleges in the motion to dismiss that he or she was incarcerated solely on the pending charge and presents evidence that he or she was not brought to trial within the speedy trial time limits imposed by the triple count provision, then the accused has presented a prima facie case of a violation of his or her speedy trial rights. State v. Butcher
(1986), 27 Ohio St.3d 28, 31, 27 O.B.R.445, 500 N.E.2d 1368. The burden then shifts to the state to demonstrate that the accused was not entitled to a trial within the time limits provided by the triple count provision. Id.
 {¶ 9} Goodman asserts that he was arrested on September 23, 2004, and that he has been held in jail from that date until the filing of his motion to dismiss on February 1, 2005, therefore more than ninety days elapsed. Consequently, Goodman presented a prima facie case that his right to a speedy trial was violated. The burden then shifted to the state to demonstrate that Goodman was not entitled to the triple count provision. The state asserted that the triple count provision does not apply in this case because Goodman was placed on a holder on September 24, 2004, and a bench warrant for his arrest was issued by Vigo County, Indiana on October 22, 2004.
 {¶ 10} The triple count provision of R.C. 2945.71(E) only applies to an accused who is "being held in jail solely on the pending charges in the particular case." State v. Maag, 3d Dist. No. 5-03-32, 2005-Ohio-3761, ¶ 11, citations omitted. The triple count provision does not apply "[e]ven though the state did not introduce documentary evidence of a holder, the record amply demonstrates that [the accused] was wanted on open warrants in other jurisdictions and that his detention was not solely due to the pending charges * * *." State v. Brewster,157 Ohio App.3d 342, 2004-Ohio-2722, 811 N.E.2d 162, ¶ 4, citations omitted.
 {¶ 11} In the case sub judice, the state presented a copy of the notice of probation violations, a probation revocation order, and a copy of the bench warrant issued by Vigo County, Indiana on October 22, 2004. Both the notice of probation violation and the bench warrant are addressed to Goodman at the Seneca County Jail. Further, the notice of probation violation listed his arrest in the case herein as one of the violations of his probation. At the motion to dismiss hearing, the state also presented the testimony of Lieutenant Mark Derr (hereinafter "Derr"), an individual who is in charge of the Transport/Warrant Division of the Seneca County Sheriff's Office. Derr testified that a copy of the Indiana warrant was sent to the jail. Derr further testified that Goodman has been in the Seneca County jail before and was registered with the sex offender registration network. Derr testified that he was certain that Goodman was the individual wanted in Vigo County on the bench warrant.
 {¶ 12} After reviewing Derr's testimony and a copy of the warrant, we find that the state adequately identified Goodman as the individual wanted in the Vigo County bench warrant. We further find that the record demonstrates that Goodman was wanted on a warrant from Indiana, and that Goodman was not being heldsolely on the pending charge in Seneca County as of October 22, 2004. Since Goodman was not being held solely on the pending charge as of October 22, 2004, the triple count provision does not apply as of that date. Based upon this finding and a review of the record, we hold that Goodman's right to a speedy trial was not violated.
 {¶ 13} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment Affirmed.
 Bryant, P.J., and Shaw, J., concur.