OPINION
{¶ 1} Defendant-appellant, Grace A. Huston, appeals the judgments of the Wyandot County Municipal Court denying her motion to dismiss on speedy trial grounds. For the reasons that follow, we affirm the trial court's judgments.
 {¶ 2} Huston was arrested on May 6, 2005. In Case No. 05-255A, Huston was charged with resisting arrest, which is a violation of R.C. 2921.33(A) and is a second degree misdemeanor. In Case No. 05-255B, Huston was charged with obstructing official business, which is a violation of R.C. 2921.31 and is a second degree misdemeanor. Huston pled not guilty to both charges, and she was released on a personal recognizance bond.
 {¶ 3} On October 24, 2005, Huston filed a motion to dismiss on speedy trial grounds prior to the commencement of the trial. The trial court denied the motion. The trial was held and Huston was convicted on both counts. The trial court then sentenced Huston to serve ninety days for each count and ordered the sentences to be served concurrently.
 {¶ 4} It is from the trial court's denial of the speedy trial motion that Huston appeals and sets forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT ERRED IN OVERRULING THE DEFENDANT'S MOTION TO DISMISS ON SPEEDY TRIAL GROUNDS IN THAT SHE HAD NOT BEEN BROUGHT TO TRIAL WITHIN NINETY (90) DAYS FOLLOWING ARREST AS REQUIRED BY OHIO REVISED CODE SECTION 2945.73(B).
 {¶ 5} In her sole assignment of error, Huston argues that her right to a speedy trial was violated.
 {¶ 6} "[T]he Ohio speedy trial statute is mandatory, constitutional, and must be construed strictly against the state." State v.Steinke, 158 Ohio App.3d 241, 2004-Ohio-1201, 814 N.E.2d 1230, at ¶ 5, citing State v. Singer (1977), 50 Ohio St. 2d 103, 4 O.O.3d 237,362 N.E.2d 1216. The speedy trial statute at issue, R.C. 2945.71(B), provides that a person who is charged with a second degree misdemeanor shall be brought to trial within ninety days of the person's arrest or the service of summons. However, the speedy trial time period may be extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." R.C. 2945.72(H).
 {¶ 7} Huston was arrested on May 6, 2005. Because the date of a defendant's arrest does not count for speedy trial purposes, the first day that counted towards Huston's speedy trial was May 7. See State v.Sanders (Dec. 10, 1996), 4th Dist. No. 95CA6, at *9, citing State v.Steiner (1991), 71 Ohio App.3d 249, 593 N.E.2d 368. Huston's trial was initially scheduled for June 6. Neither party disputes that the thirty one days between May 7 and June 6 count towards Huston's speedy trial time period.
 {¶ 8} At Huston's request, the June 6 trial date was continued for discovery and a pretrial. The trial court set the pretrial for July 18, but did not set a new trial date. The pretrial scheduled for July 18 was continued. The trial court's journal entry states, "Pre-trial continued by agreement of parties. Pre-trial continued to 8/18/05 at 11:00 a.m." The pre-trial scheduled for August 18 was also continued. The journal entry states, "Pre-trial report filed. Pre-trial held and continued to 9/15/05 at 1:00 P.M. at request of defendant." The record reflects that the pretrial was held on September 15, and the trial was scheduled for October 24.
 {¶ 9} Huston claims that the time period from June 6 through October 24 counts against the prosecution when calculating her speedy trial time period, and she sets forth several arguments in support. First, Huston concedes that the case law supports the proposition that a defendant's request for a pretrial may toll the running of the speedy trial time, but she argues that there is no requirement that the request toll the speedy trial time.
 {¶ 10} Where the trial court grants the defendant's request for a pretrial and there is nothing facially unreasonable about the time between the defendant's request and the date of trial, the time period may be charged to the defendant for speedy trial purposes. State v.Park (August 18, 1992), 3d Dist. No. 5-91-30, at * 2, citing State v.Gowe (1983), 13 Ohio App.3d 358.
 {¶ 11} Given Huston's request for a pretrial, Huston's agreement to a continuance of the pretrial on July 18, and Huston's request for a continuance on August 18, there was nothing facially unreasonable about the time that elapsed between Huston's request for a pretrial and her trial date.
 {¶ 12} Next, Huston argues that the trial court's July 18 and August 18 journal entries granting continuances of the pretrial were invalid to toll Huston's speedy trial time because, she asserts, the journal entries did not meet the necessary requirements. In order to toll the speedy trial time, Huston contends, the trial court's journal entries must have (1) recorded the continuance, (2) identified which party is charged for the continuance, and (3) indicated the reason for the continuances.
 {¶ 13} In State v. Stamps (1998), 127 Ohio App.3d 219, 226,712 N.E.2d 762, the court noted,
 Although this court and other appellate districts have stated that for a continuance to toll speedy-trial time, the trial court must record the continuance before the expiration of the speedy-trial time, identify the party to whom the continuance is chargeable, and indicate the underlying reason for the continuance, we believe that these decisions have blurred the distinction between continuances requested by the state or ordered sua sponte by the trial court and those requested by the defendant. None of these cases has applied these requirements to continuances requested by the defendant for speedy trial purposes.
 {¶ 14} The court further stated that the trial court is not required to name the party to whom the continuance is to be charged in the journal entry. Id., at 225. Although naming the party who is to be charged is a "good practice, * * * [it] is not a formal requirement, regardless of who requests the continuance." Id., citing State v.Reck (Dec. 21, 1994), Darke App. No. 1352 CA.
 {¶ 15} Furthermore, the trial court is not required to state the reasons for a continuance unless "the trial court or some party other than the accused requests a continuance." Sanders, supra, at *10, citations omitted. The defendant is clearly aware of the reasons for a continuance which the defendant requested. Id. "When the record indicates that the continuance was attributable to the defendant, the delay will be assessed to the defendant even in the absence of a court's journal entry." Id., citations omitted.
 {¶ 16} In the present case, the continuances from the various pretrials were recorded in the trial court's journal entries. The trial court's journal entries from July 18 and August 18 did not specifically name the party to be charged for the continuances, but there is no formal requirement that the trial court name the party to be charged. Furthermore, from the transcript of the motion to dismiss proceedings, along with the August 18 pretrial form, and the trial court's journal entries, it is clear that the defendant agreed to the July 18 continuance and requested the August 18 continuance. Accordingly, the trial court was not required to state the reasons for the continuance in the journal entry.
 {¶ 17} Huston then maintains that the August 18 pretrial report, which consisted of a standard form with various items including an item regarding waiver of speedy trial rights that was left blank, did not constitute a waiver of Huston's speed trial rights.
 {¶ 18} A motion for a continuance tolls the speedy trial time even in the absence of an explicit waiver of the accused's right to a speedy trial. Sanders, supra, at *10, citing State v. Mularkey (May 30, 1991), Franklin App Nos. 90AP-1377 90AP-1378. The time period attributed to Huston's requests for a continuance or agreement to the continuance tolled Huston's speedy trial time period even though Huston did not explicitly waive her right to a speedy trial.
 {¶ 19} Huston also asserts that her request for a pretrial and the subsequent continuances of the pretrial could not toll the speedy trial time period because there was no trial scheduled from June 6 to September 15.
 {¶ 20} Although the trial court did not schedule a new trial date from June 6 until September 15, the trial court had set specific dates for the various pretrials which were continued by agreement of the parties or at Huston's request. The trial court could not have held Huston's trial before the scheduled pretrial had occurred. Since Huston requested the pretrial, agreed to a continuance of the pretrial, and requested a continuance, and the trial court had set specific dates for each pretrial, we find that the time period from June 6 through September 15 was tolled for purposes of computing Huston's speedy trial time period.
 {¶ 21} On September 15, the trial court held a pretrial and scheduled Huston's trial for October 24. Neither party disputes that the thirty nine day time period between September 15 and October 24 apply towards the calculation of Huston's speedy trial time period.
 {¶ 22} In summary, neither party disputes that the thirty one days between May 7 and June 6 counts towards Huston's speedy trial time period. The time period from June 6 through September 15 was tolled due to Huston's requests for a pretrial, her agreement to continue the pretrial, and her requests to continue the pretrial which the trial court granted. Neither party disputes that the thirty nine days from September 15 through October 24 counts towards Huston's speedy trial time period. According to our calculations, Huston was brought to trial in seventy days, which is within the ninety days allowed under R.C. 2945.71(B). Huston's sole assignment of error is, therefore, overruled.
 {¶ 23} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgments of the trial court.
Judgments Affirmed.
 ROGERS and SHAW, JJ., concur.