OPINION
{¶ 1} The issue this appeal presents is whether defendant's waiver of his speedy trial time with respect to charges in a prior criminal proceeding that were dismissed applies to his speedy trial right with respect to charges in a subsequent proceeding, when both proceedings arise from the same alleged criminal conduct, allege violations of the same section of the Revised Code, and the speedy trial time with respect to both sets of charges began to run on *Page 2 
the same date.
 {¶ 2} We find that a waiver defendant filed in the prior proceeding cannot apply to the defendant's speedy trial time in the subsequent proceeding. Accordingly, and on this record, we will affirm the trial court's order discharging defendant from criminal liability from offenses alleged in the subsequent proceeding on a finding that his statutory speedy trial right was violated.
 {¶ 3} Defendant-appellant, Scott Blauvelt, was formerly an assistant prosecutor for the city of Hamilton. On October 4 and 5, 2006, at approximately 10:00 p.m., security cameras in the Hamilton Government Center, where appellant's office was located, recorded appellant walking about the building while he was completely nude.
 {¶ 4} Appellant was arrested on October 9, 2005 and charged in Hamilton Municipal Court with two counts of public indecency, in violation of R.C. 2907.09(A)(1). That section provides:
 {¶ 5} "No person shall recklessly do any of the following, under circumstances in which the person's conduct is likely to be viewed by and affront others who are in the person's physical proximity and who are not members of the person's household:
 {¶ 6} "(1) Expose the person's private parts." (Emphasis added.)
 {¶ 7} Appellant's attorney filed a waiver of appellant's speedy trial rights on the date he was arrested, effective until the date of his arraignment, October 24, 2006, 15 days later. When appellant was arraigned on that date, he entered a plea of not guilty by reason of insanity.
 {¶ 8} On November 21, 2006, in the course of a hearing on appellant's insanity plea, it was determined that the public indecency offenses with which appellant was charged were improperly alleged in the criminal complaints filed in the two proceedings in which he was charged, Case Nos. 06CRB07484 and 06CRB07485. In both, the charges failed to allege *Page 3 
the "physical proximity" element of R.C. 2907.09(A)(1), which was added to that section by an amendment effective September 26, 2005. Accordingly, on the state's motion, the trial court dismissed the charges in those two proceedings, without prejudice. On that same date, the state filed two new criminal complaints properly charging violations of R.C. 2907.09(A)(1), which were docketed in Case Nos. 06CRB08391 and 06CRB08392.
 {¶ 9} On December 7, 2006, appellant moved pursuant to R.C. 2945.73(B) for a discharge from criminal liability on the two public indecency charges against him in Case Nos. 06CRB08391 and 06CRB08392, alleging violations of his statutory speedy trial right. On January 10, 2007, the trial court sustained appellant's motion and ordered him discharged on a finding that the state had failed to bring him to trial within 45 days after his arrest on October 9, 2006, as required by R.C. 2945.71(B)(1). The state filed a timely notice of appeal.
 {¶ 10} Assignment of Error:
 {¶ 11} "THE TRIAL COURT ERRED IN DISMISSING THE CASE ON SPEEDY TRIAL GROUNDS."
 {¶ 12} The right to a speedy, public trial is a constitutional right of every defendant who is charged with an offense for which he may be deprived of his liberty or property. Sixth Amendment, Constitution of the United States; Article I, Section 10, Constitution of Ohio. The constitutional right is implemented by R.C. 2945.71, et seq., which imposes an affirmative duty on the state to bring a defendant to trial within the statutory times prescribed. State v. Cross (1971),26 Ohio St.2d 270; State v. Pachey (1980), 64 Ohio St.2d 218.
 {¶ 13} The duty imposed by the statute, as well as the constitutional right to a speedy trial, may be waived by a defendant or by his counsel on the defendant's behalf. State v. McRae (1978), 55 Ohio St.2d 149. A defendant is bound by such a waiver. State v. McBreen (1978),54 Ohio St.2d 315, certiorari denied, 439 U.S. 914. The speedy trial statute, R.C. 2945.71 et seq., is mandatory and must be strictly construed against the state. *Page 4 State v. Steinke, 158 Ohio App.3d 241, 2004-Ohio-1201.
 {¶ 14} A violation of R.C. 2907.09(A)(1) is a misdemeanor of the fourth degree. R.C. 2907.09(C)(2). A person charged with a misdemeanor of the fourth degree must be brought to trial within 45 days after his arrest. R.C. 2945.71(B)(1). The time may be extended for one of the reasons set forth in R.C. 2945.72. That list of reasons is exclusive, and unless one or more of them applies the defendant must be discharged upon a motion seeking that relief. R.C. 2945.73(B).
 {¶ 15} When new, additional charges arise from the same facts as a prior charge, and the state knew of those facts at the time the prior charge was filed, the time for bringing the defendant to trial on the additional charges is the same period that applies to the prior charge.State v. Adams (1989), 43 Ohio St.3d 67. That is the case here. Therefore, the same 45-day period from the date of his arrest for bringing appellant to trial on the charges in the first proceeding applies to the later refiled charges, and the parties do not dispute that point. What the parties dispute is whether the waiver of his speedy trial right that appellant filed in the first proceeding applies to the later, refiled charges. If the waiver does not apply to the later charges, more than 45 days had expired since appellant's arrest on October 9, 2006, when his motion was filed on December 7, 2006, a period of 59 days, and he was entitled to be discharged.[1]
 {¶ 16} The state argues that the waiver of speedy trial time appellant executed in the first proceeding should apply as well to the later, refiled charges, because the dismissal of the charges in the first proceeding and the refiling of those same charges was done to add an essential element of the R.C. 2907.09(A)(1) offense that had been omitted from the charges filed in the first proceeding, the "physical proximity" element, and is therefore *Page 5 
analogous to simply amending those charges pursuant to Crim.R. 7(D) to correct a defect, which does not nullify a prior speedy trial waiver. We disagree.
 {¶ 17} In Adams, the defendant was charged with a violation of R.C.4511.19(A)(3), operating a motor vehicle with a prohibited breath-alcohol level. He filed a waiver of his speedy trial right. The charge was subsequently dismissed and a new complaint was filed charging a R.C. 4511.19(A)(1) violation, operating a vehicle while under the influence of alcohol. With respect to the effect of defendant's prior speedy trial waiver on the new charge, the Supreme Court held:
 {¶ 18} "When an accused waives the right to a speedy trial as to an initial charge, this waiver is not applicable to additional charges arising from the same set of circumstances that are brought subsequent to the execution of the waiver." Adams, 43 Ohio St.3d at syllabus.
 {¶ 19} Adams reasoned that because a waiver must be knowing, intelligent, and voluntary, and because the two sections of R.C.4511.19(A) charged "are distinct charges, which could involve different defenses at the time of trial," id. at 69, the waiver applicable to the prior R.C. 4511.19 (A)(3) charge could not apply to the subsequent R.C.4511.19(A)(1) charge.
 {¶ 20} Both the prior and additional charges in Adams properly alleged violations of the Revised Code. In the present case, the prior charge, because it omitted the "physical proximity" element in R.C.2907.09(A)(1), alleged no violation at all. We agree that the defect could have been cured pursuant to Crim.R. 7(D), because the amendment would not change the name or identity of the public indecency offense alleged. State v. O'Brien (1987), 30 Ohio St.3d 122. Those standards in Crim.R. 7(D) satisfy the notice requirement of the Due Process Clause. However, the prior speedy trial waiver, which relinquishes the constitutional speedy trial right, could not likewise be preserved.
 {¶ 21} In the present case, though the refiled charge is not "distinct" from the prior *Page 6 
charge, the refiled charge is additional under the rule ofAdams because the refiled charge permits the assertion of a defense that the prior charge, that was set up in the two defective criminal complaints, did not: that no one was in appellant's physical proximity when he walked about the Hamilton Government Center while completely nude. The record has not been fully developed on that matter, but in view of the nature of the premises, the late hour, and the fact that the state's proof relies on a record made by security cameras, it is possible that appellant could assert the defense. Therefore, on the rationale of Adams, the prior waiver of appellant's speedy trial right with respect to the charges in the prior proceeding could not be a knowing, intelligent, and voluntary waiver of appellant's speedy trial time with respect to the refiled charges, and cannot apply to them.
 {¶ 22} A further, more fundamental reason exists to prevent application of the waiver filed in the prior proceeding to the charges that were subsequently filed. The charges in the prior proceeding in which the waiver was filed were dismissed. The dismissal terminated the proceeding in which the charges were filed, and with the proceeding, the waiver of speedy trial time filed in them. We have held that a dismissal prevents application of a waiver filed in a dismissed proceeding to the same charges that are refiled in a subsequent proceeding. State v.Vilvens, Warren App. No. CA2001-03-02, 2002-Ohio-292.
 {¶ 23} The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J., and BROGAN, J., concur.
(Hon. William H. Wolff, Jr., Hon. James A. Brogan, and Hon. Thomas J. Grady, of the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio, pursuant to Section5[A][3], Article IV of the Ohio Constitution.)
[1] The state does not argue that appellant's plea of insanity in the prior proceeding tolled his speedy trial time in the subsequent proceedings. *Page 1