The STATE of Ohio, Appellee,

v.

KASARDA, Appellant.

[Cite as *State v. Kasarda* (1992), 82 Ohio App.3d 388.]

Court of Appeals of Ohio,
Marion County.

No. 9–92–13.

Decided Sept. 22, 1992.

*Donald H. Taube,* Assistant Marion City Law Director, Municipal Division, for appellee.

*William H. Truax,* for appellant.

EVANS, Judge.

This is an appeal by Richard A. Kasarda from a judgment of the Municipal Court of Marion County finding him guilty of driving while his license was under suspension, in violation of R.C. 4507.02(B).

Appellant was arrested on September 1, 1991, on several traffic violations including the violation which is the subject of this appeal. He was arraigned on the charges on September 3, 1991, and pled not guilty. On September 23, 1991, the prosecutor and appellant, who was represented by legal counsel, met at a pretrial conference to discuss the case. The trial court did not conduct or participate in the pretrial conference. At this conference, representations were made by defense counsel to the prosecutor concerning the admissibility of certain evidence and the need for a suppression hearing. Specific details of the conference are not contained in the record and are the subject of debate. As a result of appellant's representations made at the pretrial conference, the prosecutor informed the trial court that a motion to suppress would be filed by appellant. Consequently, the trial court filed a judgment entry tolling the

time in which appellant had to be brought to trial from the date of the pretrial conference until the court could rule on appellant's motion to suppress.

A hearing on the motion to suppress was scheduled to take place on November 14, 1991. Appellant filed his motion to suppress on November 13, a day before the hearing was to be held. For reasons not disclosed in the record, appellant elected not to go forward and the suppression hearing was canceled. Thereafter, the court filed a second journal entry tolling the speedy trial time from the date of the pretrial conference, September 23, until the date the suppression hearing was to have taken place, November 14.

On January 15, 1992, appellant filed a motion to dismiss the charge because he was not brought to trial within ninety days as required by R.C. 2945.71. At the hearing on this motion, appellant argued he never indicated a motion to suppress would be filed or requested the court to schedule a suppression hearing. Appellant claimed he only "expected or anticipated that such motions may be germane." Upon the court's overruling the motion to dismiss, appellant changed his plea to no contest and was found guilty. He was sentenced to ten days in the county jail and fined $200.

From this judgment, appellant appeals, asserting one assignment of error as follows:

"The trial court erred in failing to dismiss the charge and discharge the Defendant–Appellant since Defendant–Appellant was not afforded a speedy trial as required by Sections 2945.71 and 2945.72 of the Ohio Revised Code."

■ R.C. 4507.99(A) classifies the offense of driving while one's license is under suspension as a first degree misdemeanor. As such, the state was required to bring appellant to trial within ninety days of his arrest pursuant to R.C. 2945.71(B)(2). Because he was not tried within ninety days of his arrest, appellant claims the trial court erred in not dismissing the complaint and discharging him as a defendant. We do not agree.

The facts of the case indicate the prosecutor informed the trial court that appellant intended to file a motion to suppress evidence. Thereafter, the court tolled the time within which appellant had to be brought to trial. Thus, the pivotal issue in this appeal is whether the court acted properly by relying on the prosecution's representations about the events of the pretrial conference in order to toll the speedy trial time.

The prosecution argues appellant indicated a motion to suppress would be filed and that a suppression hearing was necessary. In contrast, appellant claims the trial court improperly relied on a pretrial checklist prepared by appellant's counsel, outlining "potential" issues which "may" have been raised by pretrial motions.

■ The representations made by the parties at the pretrial conference and reiterated in their appellate briefs are facts upon which a reviewing court may not rely. *Phung v. Waste Mgt., Inc.* (1986), 23 Ohio St.3d 100, 102, 23 OBR 260, 261–262, 491 N.E.2d 1114, 1116. An appellate court is not a fact-finding court. We therefore make no determination about what was or was not said at the pretrial conference. Instead, we must rely on the findings of the trial court as set forth in its journal entries contained in the record. In the present case, the court filed a journal entry tolling the speedy trial time. In this journal entry the court stated in part:

"Upon review, the Court finds that a pretrial conference was held on this case on September 23, 1991, at which time the Defendant requested the Court to schedule a hearing on a Motion to Suppress Evidence. The Court finds accordingly that for computation of time for speedy trial purposes, that time should be tolled in this case from September 23, 1991, until the Court should rule upon the Defendant's Motion to Suppress Evidence."

Appellant made no objection to this journal entry or the trial court's findings contained therein until January 15, 1992, when he filed his motion to dismiss for lack of a speedy trial.

■ Because appellant failed to object in a timely fashion to the court's findings as set forth in the journal entry, we conclude appellant waived any objection he may have had regarding those findings. We therefore rely on the record as expressed in the trial court's judgment entry. In making this ruling, we are mindful of the decision in *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216, where the Supreme Court of Ohio held that a defendant's failure to object to a trial date scheduled outside the limitation period established by R.C. 2945.71 does not amount to acquiescence in the trial date. However, appellant, by failing to object to the court's allegedly erroneous journal entry, permitted both the prosecution and the court to believe that a motion to suppress would be filed. Appellant furthered this belief when the court scheduled a date for the hearing and appellant did not come forward to indicate that no such hearing was requested. On the contrary, appellant did actually file a motion to suppress. Based on appellant's actions, we conclude the trial court properly tolled the time in which appellant had to be brought to trial.

We are also persuaded by the rationale of *State v. Rowedda* (Sept. 18, 1992), Marion App. Nos. 9–92–14 and 9–92–15, unreported, 1992 WL 236876, a case with similar facts and also originating from the Municipal Court of Marion County, where this court held the tolling of time was proper under R.C. 2945.72(E) and 2945.72(H), which state:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

" * * * *

"(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

" * * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

The delay in the present case was a reasonable continuance granted as a result of actions made by appellant.

Also, R.C. 2945.72(D) allows for delays "occasioned by the neglect or improper act of the accused." Considering appellant's conduct, we find no error on the part of the trial court. Appellant's failing to timely object to the court's journal entry effectively ratified the belief of the prosecution and the court that a motion to suppress would be filed and that the speedy trial time should be tolled until the court could respond to appellant's forthcoming motion.

Because appellant's actions provided a reasonable basis upon which the trial court could find it necessary to continue the case, we calculate the time in which appellant was to be brought to trial was within the requirements of R.C. 2945.71. Appellant's assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and SHAW, J., concur.