Gerald L. Malott, III appeals from a judgment of the Municipal Court of Miamisburg, which, following his entry of a no contest plea, found him guilty of "prohibitions," a first-degree misdemeanor, in violation of Section 612.02 of the Miamisburg Municipal Code.
The facts and procedural history are as follows.
In the early morning hours of May 5, 1997, Patrolmen Thompson and Benson of the Miamisburg Police Department responded to a complaint of a loud party at 1015 East Central Street in Miamisburg, Ohio and, upon arriving at the Malott residence, observed ten to fifteen eighteen-year-old individuals, some of them intoxicated, and a large quantity of beer and other intoxicating liquors. Thompson issued Malott a summons, which ordered him to appear at the municipal court that same day at 9:30 a.m., and a complaint, which stated that he had "knowingly allowed underage persons to remain on the place while possessing or consuming beer or intoxicating liquor." Malott appeared and, after having a public defender appointed to represent him, entered a not guilty plea. Following the July 21, 1997 pretrial conference, Malott signed an "Extension of Time Limit for Trial" form ("the waiver form"). On August 27, 1997, Malott filed a "motion to withdraw extension of time" and a motion to dismiss the charges against him. That same day, the trial court overruled Malott's motion to withdraw the extension of time.
On September 15, 1997, the scheduled trial date, the trial court overruled Malott's motion to dismiss, and Malott entered a plea of no contest. The trial court imposed a sixty-day jail sentence and a $400.00 fine, both of which the trial court suspended. Malott was ordered to contribute $100.00 to the Miamiburg D.A.R.E. program.
Malott raises two assignments of error on appeal. Because both assignments involve the same legal issues, we will treat them in a single discussion.
 I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO WITHDRAW HER [SIC] WAIVER OF SPEEDY TRIAL WHERE SUCH WAIVER WAS NOT KNOWINGLY AND NOT VOLUNTARILY GIVEN, AND MADE WITHOUT THE BENEFIT OF COUNSEL.
 II. THE TRIAL COURT ERRED BY FAILING TO BRING APPELLANT TO TRIAL WITHIN NINETY DAYS AS REQUIRED BY O.R.C. 2945.71(B)(2), DENYING HIM HIS RIGHT TO A SPEEDY TRIAL GUARANTEED TO HIM BY THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1
SECTION 10 OF THE OHIO CONSTITUTION.
Malott contends that the trial court should have granted his motion to withdraw the extension of time for trial and his motion to dismiss because he had not been tried within the statutorily permissible time for bringing him to trial and because his signature on the waiver form had not been executed knowingly or voluntarily.
An accused's right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution, Section 10, Article I of the Ohio Constitution, and R.C. 2945.71. R.C.2945.71 sets forth specific time limits within which an accused must be brought to trial. A person charged with a misdemeanor of the first degree must be brought to trial within ninety days after his arrest or the service of summons. R.C. 2945.71(B)(2). R.C.2945.72 sets forth particular circumstances permitting an extension of the time in which to bring an accused to trial, such as "[a]ny period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused," R.C. 2945.72(E), and "[t]he period of any continuance granted on the accused's own motion." R.C.2945.72(H). When a trial date is extended pursuant to R.C.2945.72, "the judge shall state the reason for the change in an order and journalize the order." Sup.R. 39(B)(1). R.C.2945.73(B) states:
 Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code.
"It is well-settled law that an accused may waive his constitutional right to a speedy trial provided that such a waiver is knowingly and voluntarily made." State v. King (1994),70 Ohio St.3d 158, 160, citing Barker v. Wingo (1972),407 U.S. 514, 529. "[A] knowing, voluntary, express written waiver of an accused's statutory speedy trial rights may equate with a waiver of the coextensive constitutional rights, at least for the time period provided in the statute." State v. O'Brien
(1987), 34 Ohio St.3d 7, 9. To be effective, a waiver of one's constitutional and statutory speedy trial rights "must be expressed in writing or made in open court on the record."King, 70 Ohio St.3d at 161. When an accused executes an express written waiver of his speedy trial rights of unlimited duration, the charges against him will not be dismissed for delay in bringing him to trial unless, following a written objection to any further continuances and a demand for a trial, the state fails to bring him to trial within a reasonable time. O'Brien,34 Ohio St.3d at 9.
Because Malott was charged with a misdemeanor of the first degree, R.C. 2945.71(B)(2) mandated that he be brought to trial within ninety days after the May 5, 1997 service of summons. The ninety-day period expired on August 3, 1997. Although Malott was not brought to trial until September 15, 1997, the state asserts that the ninety-day time period was extended pursuant to R.C.2945.72(H) when Malott's attorney stated at the July 21, 1997 pretrial conference that he "may" file a motion to dismiss. The original papers contain an order by the trial court on July 21, 1997, that the case be continued upon the request of Malott's attorney and that the time be charged against Malott. The trial court's handwritten notes state that Malott's attorney "may want to file [a] motion [to] suppress."
"Motions to suppress are frequently found to be valid exceptions [sic; should read "extensions"] under R.C. 2945.72(E)."State v. Rowedda (Sept. 18, 1992), Marion App. Nos. 9-92-14 and 9-92-15, unreported, citing State v. Walker (1974), 42 Ohio App.2d 41. In Rowedda, a request for a suppression hearing, made prior to the actual filing of a motion to suppress, constituted an "action by the accused which must be said to have delayed the trial, pursuant to R.C. 2945.72(E), at least to the extent that the trial court could not, in good faith, have conducted the trial until defendant's request was honored in some fashion." Rowedda, supra. It has also been held that, where the trial court's journal entry stated that the accused's attorney had requested a hearing on a motion to suppress and the accused had not objected to this factual finding, the trial court acted properly in tolling the speedy trial time based on actions made by the accused. State v.Kasarda (1992), 82 Ohio App.3d 388, 391-392. In this case, however, the trial court's notes indicate that Malott's attorney stated that he "may" file a motion to suppress. Such an indefinite statement is not the type of action upon which the trial court could have reasonably relied in scheduling the trial date beyond the ninety-day trial deadline. Furthermore, the attorney's statement did not provide a reasonable basis for the trial court to grant a sua sponte continuance pursuant to R.C.2945.72(H). See Rowedda, supra. Thus, the ninety-day period was not tolled by Malott's attorney's reference to the possibility of filing a motion to suppress.
The state also contends that Malott waived his rights to a speedy trial by signing the waiver form, which stated:
 I hereby knowingly and voluntarily waive my right to have my trail [sic] hearing held within ____90___ days of my arrest or issuance of summons, having had my rights explained to me in open court.
Malott's motion to withdraw the extension of time stated, by counsel, "that his rights to a speedy trial were not explained to him in open court; that his waiver was not knowing and voluntarily given; and that it was without benefit of counsel." In his motion to dismiss, Malott argued that his constitutional and statutory rights to a speedy trial had been violated. The memorandum in support of the motion to dismiss reiterated, by counsel, the same allegations as were contained in the motion to withdraw the extension of time and stated that the waiver was signed in the clerk's office. Finally, his appellate brief alleged that the "written waiver was not knowingly and voluntarily made in the clerk's office as counsel was not present, still being in court with other clients, and the clerk not explaining to [him] exactly what he was signing other than a notice for his next court date." He claims to have had "no knowledge" that what he was signing would waive his rights to a speedy trial.
Absent a record demonstration supporting these allegations, we cannot conclude that Malott did not knowingly and voluntarily waive his rights. Had Malott prepared a statement of the proceedings and followed the procedural requirements of App.R. 9(C), we may have been able to review whether he had executed the waiver in an unknowing and involuntary manner. As the record stands, however, it contains only the waiver form, which expressly states that, prior to signing, Malott had been advised of his rights to a speedy trial in open court. In State v. Gonzalez (May 21, 1990), Montgomery App. No. 11525, unreported, we determined that, where the record did not disclose the circumstances surrounding a signed waiver of speedy trial rights, a signed waiver would not be ruled invalid simply because it was printed on a standardized form and signed in front of a deputy clerk. As inGonzalez, we cannot conclude that Malott did not act knowingly and voluntarily when executing the waiver form from the merely alleged facts that he had signed it in the clerk's office without the presence of his attorney or an explanation of his rights.
Malott relies on State v. Harrison (May 20, 1988), Trumbull App. No. 3779, unreported, for the proposition that an accused's signature on a standardized waiver form does not effectively waive his speedy trial rights when the form was executed in the clerk's office and outside his attorney's presence. However, the Harrison
case is distinguishable from Malott's case. In Harrison, the waiver form itself did not state that the accused had been advised of his rights in open court, whereas the waiver form signed by Malott expressly did so state. Also, the waiver form in Harrison
had a signature line for the accused's attorney that was left blank; however, the waiver form presented to Malott required only the signatures of the defendant and a witness. Furthermore, theHarrison court, acting pursuant to App.R. 18(C), accepted as correct Harrison's statements about the circumstances surrounding the execution of the waiver form because the state had not filed a responsive brief. In this case, however, Malott's statements that the circumstances surrounding the execution of the waiver form rendered it invalid cannot be accepted as correct because the state contends that Malott's waiver form was executed knowingly and voluntarily and Malott has failed to make a record demonstration supporting his allegations. Because the record does not suggest that Malott acted unknowingly and involuntarily when executing the waiver form, the trial court correctly overruled his motion to withdraw the extension of time and the motion to dismiss.
The assignments of error are overruled.
The judgment of the trial court will be affirmed.
YOUNG, P.J. and FAIN, J., concur.
Copies mailed to:
Ronald L. Fobes
Suzanne M. Lough Wynn
Hon. Robert E. Messham, Jr.