JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ryan S. Kaine, appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion to suppress. For the reasons stated herein, we reverse the judgment of the trial court, vacate Kaine's conviction, and remand for proceedings consistent with this opinion.
 {¶ 2} On March 13, 2007, Kaine was charged under a three-count indictment with the offenses of drug trafficking, possession of drugs, and possessing criminal tools. Kaine filed a motion to suppress evidence, and a hearing was held by the trial court. At the hearing, the state offered testimony from the arresting officer, Detective Thomas J. Tindira of the Lakewood Police Department. The following facts were adduced.
 {¶ 3} On February 24, 2007, at 8:00 p.m., Detective Tindira and a partner were conducting drug surveillance of a Walgreen's parking lot located on the southwest corner of West 117th Street and Detroit Avenue in Lakewood. The area is known as a high drug area. The detective observed a blue Ford Explorer pull into the lot, pass several open spaces closer to the store, and then park in a space farther from the store. The detective became suspicious when the driver did not exit the vehicle. He observed another vehicle pull up directly next to the Ford Explorer. A male exited that vehicle and entered the Ford Explorer, and that same individual exited the Ford Explorer after approximately thirty seconds and returned to his vehicle. The detective was not able to observe the *Page 3 
activity within the Ford Explorer. He then observed the Ford Explorer drive what he believed was the wrong way through the driveway, or alleyway, of the Walgreen's "drive-thru" pharmacy.
 {¶ 4} The detective believed, from his training and experience, that a drug transaction had occurred. He stopped the Ford Explorer for suspicion of drug activity, not for a traffic violation, and immediately had the driver exit the vehicle and patted him down for weapons. The driver was later identified as Kaine.
 {¶ 5} Detective Tindira testified that he patted down Kaine because the detective was concerned for his own safety, stating "Whenever you feel like there is drug activity going on, guns and drugs kind of go hand in hand sometimes." The detective proceeded to testify that after he conducted the pat-down search of Kaine, Kaine was detained and was not free to leave. Kaine was placed in the back of the police car.
 {¶ 6} The detective then "went into the vehicle and did a quick search." When asked what he was searching for in the vehicle, the detective responded that he was initially searching for weapons. The detective located a marijuana pipe with fresh residue in it inside the center console. Believing there might be more drugs in the vehicle, the detective searched further and found cocaine under the front seat. Kaine was then placed under arrest. *Page 4 
 {¶ 7} The trial court denied Kaine's motion to suppress. Thereafter, Kaine pled no contest to the charges. The trial court entered a finding of guilt and sentenced Kaine.
 {¶ 8} Kaine has appealed and has raised two assignments of error for our review. His assignments of error provide as follows:
 "I. The trial court erred * * * when it denied Mr. Kaine's motion to suppress because there was no reasonable suspicion to believe that Mr. Kaine was engaged in criminal activity at the time he was detained by the police."
 "II. The trial court erred * * * when it denied Mr. Kaine's motion to suppress because, assuming arguendo, that Mr. Kaine was properly detained, there was still no reasonable suspicion to believe that Mr. Kaine possessed a weapon at the time the police searched his vehicle for weapons."
 {¶ 9} The standard of review for a motion to suppress is as follows: "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, *Page 5 
whether the facts satisfy the applicable legal standard." State v.Burnside, 100 Ohio St.3d 152, 154, 2003-Ohio-5372 (internal citations omitted).
 {¶ 10} Under his first assignment of error, Kaine argues that there was no reasonable suspicion of drug activity to justify the investigatory stop of his vehicle. Kaine states that the detectives merely observed Kaine pull into a parking lot where a passenger from another vehicle entered Kaine's Ford Explorer for about thirty seconds, during which time the two could have been talking about anything. Kaine states that the detectives did not observe an exchange of any kind and that the conclusion that the meeting was drug related was not supported by objective and articulable facts.
 {¶ 11} An investigatory stop of a vehicle is permissible if a police officer has reasonable, articulable suspicion that the individual stopped may be involved in criminal activity. See Terry v. Ohio (1968),392 U.S. 1, 20. When determining whether an investigative traffic stop is supported by a reasonable, articulable suspicion of criminal activity, the stop must be viewed in light of the totality of circumstances surrounding the stop. State v. Bobo (1988),37 Ohio St.3d 177, paragraph one of the syllabus, certiorari denied (1988),488 U.S. 910. An officer's inchoate hunch or suspicion will not justify an investigatory stop. See Terry, supra. Rather, justification for a particular seizure must be based upon *Page 6 
specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant that intrusion. Id.
 {¶ 12} We find that, under the circumstances, the detectives did not have the requisite reasonable suspicion to stop the Ford Explorer. There is no question the officers recognized some behavior that was suspicious, but there was a lack of specific articulable factors that would justify a stop for drug-related activity. The detectives observed only the Ford Explorer parked in a high-drug area and the passenger of the second vehicle briefly enter and then exit the Ford Explorer. No specific articulable drug-related activity was observed.
 {¶ 13} The Supreme Court of Ohio has held that "[t]he reputation of an area for criminal activity is an articulable fact upon which a police officer may legitimately rely in determining whether an investigative stop is warranted." Bobo, 37 Ohio St.3d at 179. However, that fact alone is insufficient for a Terry stop. The totality of the facts and circumstances before the officers must reasonably suggest that some specific criminal activity is afoot. Id.
 {¶ 14} Here, the detectives did not observe any activity within the Ford Explorer, and they did not observe any evidence of drugs. They had no more than an inchoate hunch or suspicion that a drug transaction had occurred. This court has previously found a lack of reasonable suspicion in similar cases where the officers fail to observe any drugs or exchanges between motorists. See State *Page 7 v. Stewart, Cuyahoga App. No. 88239, 2007-Ohio-1597; State v.Delagraza (2001), 144 Ohio App.3d 474; see, also, State v.Wagner-Nitzsche, Summit App. No. 23944, 2008-Ohio-3953. Considering the totality of the circumstances, we find the trial court erred in determining the detectives had reasonable suspicion to stop Kaine.
 {¶ 15} We further find that the subsequent search of Kaine's vehicle was improper.
 {¶ 16} When a police officer, during an investigatory stop, has a reasonable suspicion that an individual is armed, based on the totality of the circumstances, the officer may initiate a protective search for the safety of himself and others. Bobo, 37 Ohio St.3d 177. The Ohio Supreme Court has recognized that "[t]he right to frisk is virtually automatic when individuals are suspected of committing a crime, like drug trafficking, for which they are likely to be armed." State v.Evans (1993), 67 Ohio St.3d 405, 413, 1993-Ohio-186. Admittedly, the nexus between drugs and guns can create a reasonable suspicion of danger to an officer. See State v. Hunter, Montgomery App. No. 20917,2006-Ohio-2678.
 {¶ 17} In this case, upon ordering Kaine out of his vehicle, the detectives proceeded to conduct a pat-down search of his person for weapons. Kaine does not challenge this pat-down search. Kaine does challenge the protective sweep of his vehicle. He argues that the pat-down search revealed he was not armed *Page 8 
and that he was already detained at the time his vehicle was searched for weapons. The state contends that the detectives had the right to search the lunge area of the vehicle for weapons because they had a reasonable suspicion that Kaine was engaged in drug activity.
 {¶ 18} It is recognized that "the police may search the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, if the officers possess a reasonable belief that the suspect is dangerous and may gain immediate control of weapons located in the vehicle upon returning to it." State v. Vineyard, Montgomery App. No. 22266, 2008-Ohio-204, citing Michigan v. Long
(1983), 463 U.S. 1032. Here, the circumstances of this case reflect that the detectives' suspicion of drug activity was based on nothing more than a hunch. No drugs or weapons were found on Kaine during the pat-down search. There is no indication that Kaine was uncooperative with the detectives or that he exhibited unusual behavior. Considering the totality of the circumstances in the case before us, we find there were no "specific and articulable facts" to justify the warrantless search of Kaine's vehicle. Accordingly, the trial court erred in denying the motion to suppress.
 {¶ 19} Kaine's assignments of error are sustained. *Page 9 
 {¶ 20} Judgment reversed, conviction vacated, and cause remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1